IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORNELIUS DELSHUN ROBINSON, | § | |
| # 84797-379, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1620-D-BK |
| | § | (CRIMINAL CASE NO. 3:15-CR-044-D-19) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Cornelius Delshun Robinson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I.    BACKGROUND**

In 2015, Robinson pled guilty to conspiracy to distribute a controlled substance, and on March 24, 2017, was sentenced to 120 months' imprisonment and a three-year term of supervised release. Crim. Doc. 925. He did not file a direct appeal and, on June 20, 2018, filed this *pro se* Section 2255 motion. Doc. 2. As it appeared his Section 2255 Motion was time barred, the Court twice directed Robinson to file a response regarding the application of the one-

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

year limitations period, which he has now done. Doc. 3; Doc. 4; Doc. 5; Doc. 6. Based on Robinson's *Response* and the other relevant pleadings, however, he cannot overcome the limitations bar.

## II.     ANALYSIS

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2255(f); *cf. Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). Robinson does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1).

Here, the *Criminal Judgment* was entered on March 27, 2017. *See* Crim. Doc. 925 and Notice of Electronic Filing. It became final on April 10, 2017—when the time to file a direct appeal expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment becomes final when the time expires to seek direct review of the conviction); *see also* FED. R. APP. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment). Thus, Robinson had one year from that date—or until April 10, 2018—to timely file his Section 2255 motion.

Robinson's Section 2255 motion was not filed until June 20, 2018, however. He simultaneously filed a pleading titled *Motion for Case Status Update* ("*Status Update*"), which is dated May 10, 2018, but not sworn under penalty of perjury. Doc. 2 at 1. In his *Status Update*, Robinson averred that "on 2/15/18 [he] sent in [his] § 2255 [motion]," but has "not heard back

from the court on what [he] next need[s] to do." Doc. 2 at 2.  Robinson also enclosed "his copy" of a Section 2255 motion, which indicates it was executed under penalty of perjury on February 15, 2018.  Doc. 2 at 7.  Under the prison mailbox rule—first recognized in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and later codified in Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts—an inmate's Section 2255 motion is deemed filed on the date that it is deposited "in the institution's internal mailing system" for filing.  But to receive the benefit of that rule, Robinson was required to certify—under the penalty of perjury—"the date of deposit" and that "first-class postage has been prepaid."  *See* SECTION 2255 RULE 3(d).

Robinson does not benefit from the prison mailbox rule.  Neither his *Status Update*, nor the copy of the earlier-dated Section 2255 motion enclosed with it, certifies under penalty of perjury the date of mailing (i.e., deposit in the prison mailing system) or that Robinson pre-paid the first-class postage.  Doc. 2 at 1-2, 7; *see* SECTION 2255 RULE 3(d).  Moreover, his statute-of-limitations *Response*, though signed before a notary public, only states:  "I had originally sent a 2255 in February and I never got a response or anything back."  Doc. 6 at 1.  Robinson further avers: "I didn't know I was suppose[d] to certify a letter leaving here.  When I send mail I just write 'Legal Mail' on the envelope and send them. . . .I don't know what happened with my original § 2255 but it was never returned to me."  *Id.*[2]

The United States Court of Appeals for the Fifth Circuit has "indicated that, as a general matter, the mailbox rule could be extended in situations where the prisoner could prove an

---

[2] Because Robinson did not sign his first *Response* and did not provide any proof for the earlier attempted mailing of his Section 2255 motion, the Court gave him a second opportunity to demonstrate compliance with Rule 3(d).  Doc. 4; Doc. 5.  Instead, however, he merely signed a copy of his initial *Response* before a notary and resubmitted it for filing.  Doc. 6 at 1.

attempted earlier mailing even though the pleading was never filed or received." *United States v. Nyamaharo*, 514 Fed. Appx. 479, 480-81 (5th Cir. 2013) (per curiam) (citing *Stoot v. Cain,* 570 F.3d 669, 671 (5th Cir. 2009)).  While the court in *Stoot* did not specify "the level of proof required to support such a finding," it cautioned that the petitioner must "'diligently pursue his petition'" and that "'[a] failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent.'"  *Id.* (citing and quoting *Stoot*, 570 F.3d at 671-72).

    Here, Robinson has not met the burden of showing that his motion was delivered to prison officials for mailing before the limitations period expired.  The Court twice granted him an opportunity to establish that his Section 2255 motion was deposited in the prison mail system in compliance with Rule 3(d).  *See* Doc. 3 at 2-3 (directing Robinson to respond and noting he had not certified the date of deposit or that he had pre-paid for first-class postage under Rule 3(d)); Doc. 5 at 1-2 (restating Rule 3(d) requirements and permitting Robinson to "file all prison mail receipts and records, affidavits, declarations or other evidence . . . relevant to the issue of when his Section 2255 Motion was first deposited in the prison's internal mail system").  Yet, Robinson failed to provide evidence that his Section 2255 motion, although purportedly signed on February 15, 2018, was deposited in the prison mail before the limitations period elapsed on April 10, 2018.  Doc. 6; *cf. Windland v. Quarterman,* 578 F.3d 314, 318 (5th Cir. 2009) (when a litigant has certified under penalty of perjury that his petition was deposited in the prison mailing system on a certain date, the petition is deemed filed on that date); *see also Nyamaharo*, 514 Fed. Appx. 479, 480-81 (5th Cir. 2013) (no reversible error in the district court's conclusion that the § 2255 motion was untimely where movant claimed–only after the magistrate judge found that his motion was untimely–that he had submitted an earlier § 2255 motion for mailing that was never filed).

Robinson also did not diligently pursue his habeas rights. There were only a couple of months left in the one-year period when he purportedly signed his Section 2255 motion on February 15, 2018. It was, at best, imprudent of him to wait until near the deadline to attempt to file the petition. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (denying equitable tolling because petitioner waited first 10 and then 18 months to seek a status inquiry and had delayed seven months to file his state application). Also casting doubt on Robinson's version of events is the fact that the District Clerk's Office has no record of receiving the mailing that purportedly contained the February 15, 2018 motion, and yet, nearly a year later, Robinson has never suggested nor offered proof of it ever being returned to him as undelivered.

Moreover, Robinson supposedly delayed until May 10, 2018—an additional two and one-half months after the supposed February 15, 2018 filing—before first inquiring about the status of his Section 2255 motion. Doc. 2 at 2. It is also implausible that more than a month expired between the date Robinson signed (and presumably mailed) his *Status Update* and the Court's receipt of it on June 20, 2018.

Under these circumstances, Robinson's June 20, 2018 Section 2255 motion is not timely. Thus, it is barred by the statute of limitations absent equitable tolling.

### B.  Equitable Tolling

Robinson's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of

the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). . . . The principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

United States v. Kirkham, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (per curiam) (internal quotation marks omitted).

Even under liberal construction, Robinson's statute-of-limitations *Response* does not suggest that "rare and exceptional circumstances" prevented him from submitting his Section 2255 motion within the one-year period. Doc. 6 at 1. As previously noted, he did not pursue the habeas "process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See* Schmitt v. Zeller, 354 Fed. Appx. 950, 952 (5th Cir. 2009) (leaving only two months to act once state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was not diligent); Hudson v. Quarterman, 332 Fed. Appx. 209, 210 (5th Cir. 2009) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence).

Extended periods of inactivity clearly indicate a lack of due diligence, and unexplained delays do not evince due diligence or rare and extraordinary circumstances. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)). Moreover, neither Robinson's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that

would warrant equitable tolling. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Thus, the Court concludes that Robinson has plainly failed to carry his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. CONCLUSION

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

**SO RECOMMENDED**.

March 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).